IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE POULOS as<br>Administrator, W.W.A. of<br>The Estate of Harold Lewis Parker<br>102 Front St., Suite 204<br>Hudson, Ohio 44236<br><br>    Plaintiff<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS<br>c/o Denis R. McDonough, Secretary of<br>Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420<br><br>    and<br><br>THE UNITED STATES OF AMERICA<br>c/o Michelle M. Baeppler<br>Acting U.S. Attorney of the Northern District of Ohio<br>801 West Superior Ave., Suite 400<br>Cleveland, OH 44113-1852<br><br>    and<br><br>c/o MERRICK B. GARLAND<br>U.S. Attorney General<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>    Defendants | CASE NO:<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br>**ENDORSED HEREON** |

## THE PARTIES

In an Entry of Appointment-Letter of Authority dated November 21, 2017, the Probate Court of Mahoning County, Ohio, appointed GEORGE L. POULOS, Administrator W.W.A. of the Estate of Harold Lewis Parker. A copy of the Entry is attached as Exhibit J.

The United States Department of Veterans Affairs (hereinafter VA) is an organization which provides medical care, benefits and essential services to veterans of the United States Armed Forces and their families.

## JURISDICTION & VENUE

This is a civil rights action arising under the Constitution of the United States in which Plaintiff, GEORGE POULOS as Administrator of the Estate of Harold Lewis Parker (hereinafter Plaintiff) seeks relief prohibiting the Defendant, United States Department of Veterans Affairs (hereinafter VA) from taking and retaining monies that belonged to Harold Parker, Deceased for service connected compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The Court has original "federal question" jurisdiction under 28 USC §1331.

Venue properly lies within this District under 28 U.S.C. §1391(b). The named Defendant, VA, performs its official duties in this District, and the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## GENERAL ALLEGATIONS

1. Veterans with "service-connected" disabilities are entitled to monetary benefits as compensation. The term "service-connected" means that the disability is a result of a disease or injury incurred through, or aggravated during, active military service. Service connection will be

2

granted if the disease or injury is diagnosed after discharge provided it was incurred in service. 38 C.F.R. §3.303(d). A veteran is presumed to have been in sound condition when accepted for service except where there is clear and unmistakable evidence that an injury or disease existed prior to service and was not aggravated by such service. 38 C.F.R. §3.304(b).

2. Veterans' disability compensation is an entitlement program, like Medicare and Social Security, that creates a property interest protected by the Due Process Clause of the United States Constitution. Once a veteran has been approved to receive disability pay, he or she is entitled to receive annual payments and cost-of-living adjustments. 38 U.S.C. §1104.

3. Veterans' and other claimants' fundamental right to service connected compensation is grounded in express provisions of federal statutes at 38 U.S.C. §1101 *et seq*. 38 U.S.C. §1110 ("Basic entitlement") provides for disability compensation as follows:

> For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war, the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable … compensation as provided in this subchapter ….

4. The VA withheld from Harold Parker, Deceased service connected compensation from the year 1995 to the year 2016.

5. Harold Parker, Deceased, applied for and ultimately received an award for VA service connected compensation on October 14, 2016. The VA acknowledged it's clear and unmistakable error and service connected compensation was granted for coronary artery disease, S/P percutaneous coronary angioplasty and myocardial infarction. The award letter itemized the dates and amounts of said benefits. The award dated back to 1995 and included a retroactive

3

benefit in the amount of $309,769.15 and the monthly benefit of $3,617.02. A copy of that award for VA service connected compensation is attached as Exhibit A.

6. Per VA regulations, the VA withheld all retroactive benefits due Harold Parker, Deceased pending a final determination of competency. See Exhibit A.

7. On or about November 9, 2016 George Poulos met with VA Field Examiner J. Sisco for the purpose of appointing George Poulos, VA Fiduciary for Harold Parker, Deceased.

8. On or about December 15, 2016, George Poulos was appointed VA Fiduciary for Harold Parker, Deceased. A copy of that Appointment Letter as VA Fiduciary is attached as Exhibit B.

9. The letter of December 15, 2016 outlined the monthly VA benefit Harold Parker was to receive in the amount of $3,617.02. A monthly budget of expenses in the amount of $2,255.85 along with the paperwork Mr. Poulos signed on November 9, 2016 when he met with Field Examiner J. Sisco.

10. Contemporaneously with his Appointment Letter as VA Fiduciary, Mr. Poulos was advised by the VA that he would be receiving a retroactive benefit check in the amount of $309,769.15 as VA Fiduciary for Harold Parker upon the presentation of a surety bond in the amount of $355,000.00. A copy of the bond letter is attached as Exhibit C.

11. On or about December 15, 2016, the VA sent various letters to Harold Parker advising him of the appointment of a VA Fiduciary, the budget and commission allowed to the VA Fiduciary. See correspondence attached, collectively as Exhibit D.

12. George Poulos, as VA Fiduciary for Harold Parker then presented his Appointment documents to PNC Bank and opened a VA Federal Fiduciary Payee account to

handle the funds of Harold Parker. This management responsibility included both the monthly benefits and retroactive benefits.

13. George Poulos, as VA Fiduciary for Harold Parker acted promptly and obtained a Fiduciary Bond from Ohio Casualty Insurance Co. for the requested amount of $350,000.00. The bond was issued on February 13, 2017. A copy of that bond is attached as Exhibit E.

14. Once issued George Poulos then presented the original bond to the VA at the Indianapolis Fiduciary Hub in Indiana. Mr. Poulos did so through direct correspondence to the VA on February 14, 2017. Upon presentation of the requested bond Mr. Poulos requested the VA issue the retroactive benefit in the amount of $309,769.15. A copy of the direct correspondence is attached as Exhibit F.

15. In February, 2017 George Poulos received the first monthly benefit check for Harold Parker and promptly deposited the funds into the VA Fiduciary Payee account at PNC for the payment of the approved monthly expenses. A copy of the initial check is attached as Exhibit G.

16. Subsequently on or about March 1, 2017, George Poulos sent to the VA instructions for direct deposit regarding future monthly payments due Mr. Parker. See direct deposit instructions attached as Exhibit H.

17. The VA then continued to tender monthly payments due Mr. Parker via direct deposit for the months of March 2017, April 2017 and May 2017.

18. Unfortunately, Harold Parker died on May 7, 2017 without the VA ever tendering to him his retroactive benefit awarded in October 2016 in the amount of $309,769.15. See copy of Death Certificate attached as Exhibit I.

19.     Subsequent to Harold Parker's passing, George Poulos opened the Estate of Harold Lewis Parker in Mahoning County Probate Court and was appointed Administrator W.W.A. of the Estate of Harold Lewis Parker. Upon his appointment, George Poulos sought to administer the estate. The Estate Administration included the pursuit and payment of Harold Parker's retroactive service connected benefits. A copy of his Letters of Appointment is attached as Exhibit J.

## STATEMENT OF THE CASE

George Poulos as administrator of the Estate of Harold Parker alleges that the VA service connected retroactive benefits became property of the Veteran Harold Parker upon the receipt of his award letter from the Veterans Administration in October, 2016. The Decedent's rights to this property were further established upon the payment of his first monthly benefit in February of 2017. The continued receipt of these monthly benefits in March, April and May 2017 continuously established and reaffirmed his property rights to both monthly benefits while he was living and for the retroactive payment for compensation due Harold Parker during his lifetime as outlined in award letter dated October 14, 2016, attached as Exhibit A. The VA further confirmed these property rights with the subsequent request for a Federal Fiduciary bond and the assertion "You will be receiving a retro benefit check for approximately $309,769.15…" See Exhibit C attached. The receipt of the bond provides evidence of the property right and its establishment.

The Fifth Amendment of the United States Constitution guarantees that the government may not take property of the people without payment of just compensation and the Fourteenth Amendment mandates substantive due process guarantees. The facts concerning Harold Parker,

6

his award of Veterans Administration benefits and the Veterans Administration's refusal to pay the benefits represents a violation of his and subsequently his Estate's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. George Poulos as Administrator of the Estate of Harold Parker seeks relief directing the Veterans Administration to cease and desist from violating Harold Parker's constitutional rights, to reinstate his retroactive service connected benefits previously awarded and to pay his estate the monies owed.

## FIRST CAUSE OF ACTION

Plaintiff incorporates by reference of the information contained above, and pleads as and for a First Cause of Action as follows:

20. The Decedent, Harold Parker, became the rightful owner of certain property, i.e., his VA service connected compensation monies upon receipt of his award letter from the VA in October, 2016.

21. The VA violated the Decedent's Fifth Amendment rights in that it took from Decedent his personal properties, i.e., his VA service connected compensation monies and continued said violation of his Fifth Amendment rights by retaining said monies.

22. The VA violated the Decedent's Fourteenth Amendment substantive due process rights in that they took from Decedent his personal properties, i.e., his service connected compensation monies as specified above, and continued said violation of his substantive due process rights by retaining said monies.

23. Plaintiff has demanded Decedent's personal properties, i.e., his VA service connected compensation monies from Defendant, VA and Defendant, VA, has refused and continues to refuse to return same.

24. Defendant, VA, has by reason of such refusal to return Decedent's property to Plaintiff deprived Decedent and subsequently his Estate the full value of decedent's personal properties without just compensation creating an unconstitutional taking of said property per the policy/practice of Defendant, VA.

25. The Decedent's personal properties, i.e. his VA service connected compensation was valued at $309,769.15 at the time it was awarded.

WHEREFORE, Plaintiff, George Poulos as Administrator of the Estate of Harold Parker, demands as follows:

A. Judgment against the Defendant VA in the sum of $309,769.15 plus interest from October 14, 2016;

B. Attorney's fees and costs to the extent allowed by law;

C. For such other and further relief this Court deems necessary, just and proper.

Respectfully submitted,

/s/ Barry M. Ward
Barry M. Ward, 0014991
*Attorney for Plaintiff*
BARRY M. WARD CO. LPA
304 N. Cleveland-Massillon Rd.
Akron, OH 44333
330-535-1555 Fax: 330-535-9113
bward@teowardlaw.com

## JURY DEMAND

The Plaintiff demands a Trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ Barry M. Ward
Barry M. Ward, 0014991
*Attorney for Plaintiff*

8