UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE POULOS, Administrator of the Estate of Harold Lewis Parker, | ) ) ) ) | CASE NO. 5:22-cv-860 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendant U.S. Department of Veterans Affairs (the "VA" or "defendant") arguing that this Court lacks subject matter jurisdiction. (Doc. No. 8.) Plaintiff George Poulos ("Poulos" or "plaintiff"), Administrator of the Estate of Harold Lewis Parker ("Parker"), filed a memorandum in opposition (Doc. No. 10), and the VA filed a reply (Doc. No. 13). For the reasons set forth herein, the motion to dismiss is granted.

I.     **Legal Standard for a Motion to Dismiss**

"Federal courts are courts of limited jurisdiction[] . . . possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life. Inc. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (internal citations omitted). "[A] federal court lacks authority

to hear a case without subject matter jurisdiction." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990).

The Sixth Circuit recognizes that challenges to subject matter jurisdiction "generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams, Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). Where the attack is facial, "a district court takes the allegations in the complaint as true . . . . If those allegations establish federal claims, jurisdiction exists." *Id*. Where there is a factual attack, "no presumptive truthfulness applies to the allegations." *Id*. "[T]he district court must weigh [any] conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id*. "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id*. (citation omitted). "Regardless of the type of attack, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists." *TotalEnergies E&P USA, Inc. v. CTF LTD.*, No. 5:21-cv-1676, 2022 WL 3681810, at *2 (N.D. Ohio Aug. 25, 2022) (citing *Giesse v. Sec'y of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008)).

**II.     Factual Allegations**

Because the VA's attack is primarily facial, the allegations in the complaint are taken as true.

This lawsuit was brought by Poulos, as the administrator of Parker's Estate, to recover unpaid retroactive veterans' benefits in the amount of $309,769.15 that, prior to Parker's death in May 2017, the VA had determined were due to him. Veterans with "service-connected" disabilities are entitled to monetary benefits as compensation. (Doc. No. 1, Complaint ¶ 1.) This "basic entitlement" is grounded in certain federal statutes within Title 38 of the United States Code. (*Id*. ¶¶ 2–3; *see* 38 U.S.C. § 1110.)

By letter dated October 14, 2016, the VA advised Parker (who was still alive at the time) that it had made a "clear and unmistakable error" by withholding—from 1995 to 2016—Parker's service-connected compensation for "coronary artery disease s/p percutaneous coronary angioplasty and myocardial infarction." (*Id*. ¶¶ 4–5; Doc. No. 1-2, Ex. A ("Award Letter") at 3.[1]) The Award Letter itemized the dates and amounts of wrongly withheld benefits to be reimbursed, and identified Parker's new monthly benefit of $3,617.02. (Doc. No. 1-2, at 1–2.) The Award Letter also advised that "retroactive benefits" were "withheld . . . pending a final determination on competency." (*Id*. at 3; Doc. No. 1 ¶ 6.)

On December 15, 2016, Poulos was appointed as Parker's fiduciary (after meeting on November 9, 2016 with VA Field Examiner J. Sisco). (Doc. No. 1 ¶¶ 7–8; Doc. No. 1-3, Ex. B ("Appointment Letter").) Contemporaneously with this Appointment Letter, Poulos was advised that he "[would] be receiving a retro benefit check for approximately $309,769.15[,]" which would require "a surety bond in the amount of $355,000.00[] . . . within 30 days of the date of this letter." (Doc. No. 1-4, Ex. C ("Bond Letter") at 1; *see also* Doc. No. 1 ¶ 10.) The actual Bond Letter contained no date, but presumably the 30 days began to run, at the earliest, on December 15, 2016.

Poulos promptly opened a VA Federal Fiduciary Payee account at PNC Bank (the "PNC account") to handle Parker's funds. (Doc. No. 1 ¶ 12.) Poulos also obtained the necessary surety bond, which issued on February 13, 2017. (*Id*. ¶ 13; Doc. No. 1-6, Ex. E ("Fiduciary Bond").[2]) By letter dated February 14, 2017, Poulos presented the original bond in the amount of $355,000.00

---

[1] All page number references are to the consecutive page number applied to individual documents by the Court's electronic filing system, a practice recently adopted by the Court despite the directives regarding page numbering in the Initial Standing Order (Doc. No. 3).

[2] Paragraph 13 incorrectly states the bond amount as $350,000.00; Doc. No. 1-7 states the correct amount of $355,000.00.

3

to the VA through its Indianapolis Fiduciary Hub in Indiana. (Doc. No. 1 ¶ 14; Doc. No. 1-7, Ex. F ("Letter to VA").) Poulos requested that the VA "[p]lease distribute the back payment [of the withheld retroactive benefits] at your earliest convenience." (Doc. No. 1-7, at 1.)

In February 2017, Poulos received Parker's first monthly benefit check in the amount of $3,627.87. He deposited it into the PNC account and promptly sent the VA instructions for direct deposit of future payments due Parker. (Doc. No. 1 ¶¶ 15–16; Doc. No. 1-8, Ex. G ("Initial Check"); Doc. No. 1-9, Ex. H ("Direct Deposit Instructions").) The VA tendered monthly payments to Parker via direct deposit into the PNC account for the months of March 2017, April 2017, and May 2017. (Doc. No. 1 ¶ 17.)

Parker died on May 7, 2017, without the VA ever tendering to him his retroactive benefits in the amount of $309,769.15 that had been awarded in October 2016. (Doc. No. 1 ¶ 18; Doc. No. 1-10, Ex. I ("Parker Death Certificate").) Poulos opened the Estate of Harold Lewis Parker in Mahoning County Probate Court and was appointed Administrator on November 21, 2017. (Doc. No. 1 ¶ 19; Doc. No. 1-11, Ex. J ("Appointing Letters of Authority").) The estate administration included the pursuit and payment of Parker's retroactive service-connected benefits, which Poulos alleges the VA "has refused and continues to refuse" to pay. (Doc. No. 1 ¶¶ 19, 23.)

This lawsuit was filed on May 24, 2022, alleging a single cause of action under the Fifth and Fourteenth Amendments for deprivation of property without due process and for an unconstitutional taking. It seeks to recover $309,769.15 (the amount of the retroactive benefits award) plus interest from October 14, 2016 (the date of the award), as well as attorney's fees and costs.

**III. Discussion**

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997) (citations omitted). In its motion to dismiss under Rule 12(b)(1), the VA argues that the allegations in the complaint are focused on non-payment of veterans disability benefits, which is "exclusively reviewable only by the Board of Veterans' Appeals, the United States Court of Appeals for Veterans Claims, and the Court of Appeals for the Federal Circuit." (Doc. No. 8, at 1 (citing 38 U.S.C. §§ 511, 7252, & 7292).) The VA claims that plaintiff has identified no other waiver of sovereign immunity that would confer subject matter jurisdiction on this Court. To the extent the VA makes these arguments, it is raising a facial attack with respect to subject matter jurisdiction.

In opposition to the VA's motion, plaintiff argues that he is not contesting any "decision" by the VA and his claim does not require this Court to examine any substantive benefits decision or to "second guess" the VA. (Doc. No. 10, at 1–2.) Plaintiff asserts that Parker's claim for service-connected benefits has already been adjudicated to a successful conclusion—an award of $309,769.15—but the VA's "unreasonable delay deprived [Parker (and now his Estate)] of property, *i.e.* benefits, without due process." (*Id.* at 4.)

The VA filed a reply brief that contains some additional information inexplicably not contained in its motion. Poulos has not sought to challenge any of this information by way of leave to file a sur-reply; therefore, the Court considers the information undisputed.

In its reply brief, the VA asserts that, after Parker's death, a claim was made for "accrued benefits" but it was denied via a decision rendered by the VA on June 28, 2018. (Doc. No. 13, at 2; Doc. No. 13-1 ¶ 3 and Gov't Ex. A.) The VA relies upon this June 2018 decision as proof that

5

"[p]laintiff must have filed a claim for the accrued benefits." (Doc. No. 13, at 2.) Gov't Ex. A points out that "[p]ayment of accrued benefits can only be considered based on relationship or reimbursement." (Doc. No. 13-1, at 3.) The VA found no relationship in this case and, as to benefits based on reimbursement, it states: "On your application for accrued benefits, you stated that *Leanna Jackson, executrix of the Estate of Edna Pettigrew*, was unpaid for various expenses. Accrued benefits can only be considered if the claimant paid for the Veteran's last expenses and/or burial expenses." (*Id.* (italics added).) At first glance, it appeared to the Court that the VA mistakenly referenced the wrong estate in this letter, although the letter is properly addressed to Poulos and also references H.L. Parker (the deceased veteran) on both pages 1 and 2. The Court sua sponte reviewed the Mahoning County Probate Court's public online docket relating to the Estate of Harold Parker.[3] It lists "Edna Pettegrew" (among others) as a beneficiary of the Parker Estate. Therefore, the Court is satisfied that the June 28, 2018 letter contains no mistake and does serve as proof that a previous claim was submitted to the VA—apparently attempting to recoup expenses paid by Ms. Pettegrew (also now deceased) on behalf of Parker—but that claim was denied.

Moreover, Gov't Ex. B, a letter to Poulos dated May 20, 2020, makes clear that the VA also denied Poulos' "request for substitution for the purposes of receipt of withheld funds due the fiduciary at the time of death." (*Id.* at 8.) This letter further clarifies that the VA "**forwarded [Poulos'] request to the Pension Maintenance Center to adjudicate any funds due the**

---

[3] Federal courts may take judicial notice of related "'proceedings in other courts of record.'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.3d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201).

**Veteran at the time of his death, when you were appointed fiduciary for the deceased Harold Parker.**" (*Id.* (bolding in original).)

  A.  The Veterans' Judicial Review Act ("VJRA")

The VA argues that this Court is barred from adjudicating plaintiff's claim to recover the retroactive service-connected benefits awarded to Parker in October 2016. As authority, the VA cites 38 U.S.C. §§ 511, 7252, and 7292, which provide respectively as follows:

> **§ 511(a):** The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> **§ 7252(a):** The Court of Appeals for Veterans Claims [CVA] shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.
>
> **§ 7292(a)** After a decision of the [CVA] is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision. Such a review shall be obtained by filing a notice of appeal with the [CVA] within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts.
>
>   * * *
>
>  **(c)** The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. The judgment of such court shall be final subject to review by the Supreme Court upon certiorari, in the manner provided in section 1254 of title 28.

The VA maintains that, "[b]ecause [p]laintiff's claims relate to the provision of benefits to a veteran, this Court does not have jurisdiction over his claims." (Doc. No. 8, at 4 (citing 38 U.S.C.

§ 511).) In opposition, plaintiff points out that he is not challenging any decision by the Secretary regarding an award of veterans' benefits. Rather, plaintiff "is claiming the denial of due process via the non-payment of a settled monetary award offered by the VA in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (Doc. No. 10, at 5.) Simply put, plaintiff is trying to recover an award already made years ago but never honored by the government even after a surety bond was posted.

Plaintiff argues that the case law cited by the VA is inapplicable under the facts of this case, where plaintiff is not *challenging* a decision of the VA, but is merely trying to *collect* an award already made that he does not challenge.

The Court agrees that most of the cases cited by the VA as authority for depriving this Court of jurisdiction deal with a veteran challenging a denial of benefits, which is not precisely the situation here. *See, e.g.*, *Newsom v. Dep't of Veterans Affairs*, 8 F. App'x 470 (6th Cir. 2001) (affirming dismissal for lack of subject matter jurisdiction of plaintiff's claim that the VA's denial of benefits was arbitrary and capricious, denied him due process, and exceeded its statutory authority); *Thompson v. Veterans Admin.*, 20 F. App'x 367 (6th Cir. 2001) (affirming dismissal for lack of jurisdiction of veteran's challenge to denial of benefits based on the Secretary's having allegedly provided false and fraudulent military medical records); *Hayden v. Sec'y of Dep't of Veterans Affairs*, No. 98-5663, 1999 WL 313890 (6th Cir. May 4, 1999) (affirming dismissal for lack of subject matter jurisdiction of veteran's claim of due process violation for the withholding of portions of his disability benefits for alleged debts without any notice or hearing); *Aikens v. U.S. Dep't of Veterans Affairs*, No. 3:09-cv-73, 2010 WL 625369 (E.D. Tenn. Feb. 17, 2010) (dismissing for lack of subject matter jurisdiction plaintiff's action seeking to prevent cessation of his veterans benefits).

But two of the cases cited by the VA persuade the Court that it also lacks subject matter jurisdiction even under the facts herein.

First, in *Beamon v. Brown*, *supra*, the Sixth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction of a putative class action brought by veterans challenging only the VA's procedure for handling benefits applications, which they claimed resulted in inordinate delays and violated, *inter alia*, the Administrative Procedure Act and the due process clause of the Constitution. All the plaintiffs in *Beamon* were still pursuing their benefits claims before the VA and brought suit *only* to obtain review of "the legality and constitutionality of the procedures that the VA uses to decide benefits claims." *Beamon*, 125 F.3d at 970. They sought declaratory and injunctive relief, but no monetary award. The court of appeals noted that "[d]etermining the proper procedures for claim adjudication is a necessary precursor to deciding veterans benefits claims." *Id*. The court concluded that adjudication of the plaintiffs' claim would require the district court

> to review individual claims for veterans benefits, the manner in which they were processed, and the decisions rendered by the regional office of the VA and the BVA. This type of review falls within the exclusive jurisdiction of the CVA as defined by § 7252(a).
>
> * * *
>
> In sum, the VJRA explicitly granted *comprehensive and exclusive* jurisdiction to the CVA and the Federal Circuit over claims seeking review of VA decisions that *relate to benefits decisions* under § 511(a). This jurisdiction includes constitutional issues and allegations that a VA decision has been unreasonably delayed.

*Id*. at 970–71 (emphases added).

In the instant case, it appears that a retroactive award of benefits in the amount of almost $310,000 was made in October 2016, but was retained pending receipt of a surety bond. Although the record suggests (unchallenged by the VA) that an appropriate surety bond was provided, there

is no indication that the retroactive benefits were ever released to Parker's appointed fiduciary despite his request. It is unclear why that would have happened, nor does the VA deny the fact.

The second case cited by the VA, along with the additional information in Gov't Exs. A and B referenced in the reply brief of the VA, suggest to this Court that there may have been a substantive decision by the VA that would need to be reviewed—a matter that would be outside the jurisdiction of this Court under the previous case law cited by the VA.

Turning to the reply brief first, the VA asserts that "[o]n May 20, 2020, [it] sent another letter denying [p]laintiff's request for the funds due to Mr. Parker at the time of his death." (Doc. No. 13, at 2; Doc. No. 13-1 (Declaration of Francis Bryja ("Bryja Decl.") ¶ 4 and Gov't Ex. B.) From the context of the information in this letter, it appears that Poulos attempted to obtain a disbursement of the retroactive benefits by filing VA Form 21-601, but the VA did not accept the form for several reasons. A simple online search of the Veterans Administration website reveals that this Form 21-601 is captioned "Application for Accrued Amounts Due a Deceased Beneficiary," and states that "[e]ntitlement to accrued benefits [on the basis of relationship] is determined according to the line of succession established by law[,]" including a veteran's surviving spouse, children, and parents who were dependent upon the veteran at the time of death, and that "[e]ach person claiming a share of accrued benefits must complete a separate VA Form 21-601." There does not appear to be any way that an Estate could use this form to apply for payment of the accrued benefits, a fact suggested by the May 20, 2020 letter, which states that the VA "did not accept [the form] received on 03/15/2019, as a request for substitution for the purposes of processing accrued benefits pending at the time of death." (Doc. No. 13-1, at 8.)

The Court turns next to the second case cited by the VA that the Court finds instructive— *Estate of West v. U.S. Dep't of Veterans Affairs*, 895 F.3d 432 (6th Cir. 2018), which appears to

involve a similar set of facts in that the Estate of Jerry West was attempting to recover from the VA "certain benefits owed to West at the time of his death[.]" *Id*. at 433. West, a Vietnam veteran, applied for and was awarded disability benefits. He died two days later (on November 28, 2013) but, without knowing of his death, four days later the government sent him a benefits check for $8,660. West's ex-wife was appointed executor of his Estate. She endorsed the check (the Estate's only cash asset) and deposited the funds into an escrow account for the Estate. Three months later, the VA determined that West's Estate was not entitled to the funds owed to him at his death. The VA directed the Estate's bank to wire the funds back, which it did, unbeknownst to the Estate (until it received a letter from the bank). More than eighteen months later, the Estate moved in probate court for an order requiring the government to return the funds; the probate court granted the motion and issued the order. The VA removed the matter to the district court under 28 U.S.C. § 1442, but it was remanded on the Estate's motion, under the so-called "probate exception." On appeal under 28 U.S.C. § 1447(d), the Sixth Circuit held that "[n]one of the courts to consider this case—the state probate court, the district court, and now this court—have jurisdiction to revisit the Secretary's determination as to the Estate's entitlement to benefits." *Estate of West*, 895 F.3d at 435 (citing 38 U.S.C. § 511(a)). The Sixth Circuit "reverse[d] the district court's remand order [and dismissed the case], albeit with some concerns about the government's expropriation of the Estate's funds without any advance notice or process." *Id*. at 433.

      In the instant case, there is a dispute over veteran's benefits that, despite appearing to have been definitively awarded years ago (and not subsequently retracted), have nonetheless never been remitted by the VA to the veteran, his fiduciary, or (now) his Estate. In fact, based upon the exhibits attached to the reply brief, it appears that the VA has affirmatively denied disbursement of the benefits to the Parker Estate. This fact scenario falls within the broad scope of § 511(a), which

precludes "review[] [of the VA's decisions] by any other official or by any court." *See Johnson v. Robison*, 415 U.S. 361, 370, 94 S. Ct. 1160, 39 L. Ed. 2d 389 (1974) (recognizing the twofold purpose of former 38 U.S.C. § 211(a) (now codified at § 511(a)): "(1) to [e]nsure that veterans' benefits claims will not burden the courts and the [VA] with expensive and time-consuming litigation, and (2) to [e]nsure that the technical and complex determinations and applications of [VA] policy connected with veterans' benefits decisions will be adequately and uniformly made[]" (footnotes omitted)); *see also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) ("'[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.'" (quoting *Sugrue v. Derwinski*, 26 F.3d 8, 10–11 (2d Cir. 1994))).

To the extent defendant U.S. Department of Veterans Affairs seeks dismissal under 38 U.S.C. § 511(a), the motion (Doc. No. 8) is granted because this Court lacks subject matter jurisdiction.

### B. 28 U.S.C. § 1346(d)

The VA also argues that this Court lacks jurisdiction under the Tucker Act (28 U.S.C. § 1346(d)) because plaintiff is attempting to recover a pension. (Doc. No. 8, at 9 (citing cases, including *Smith v. United States*, 57 F.2d 998, 999 (4th Cir. 1932) ("And there can be no question but that a claim for [veteran's] disability compensation is a claim for a pension within the meaning of this provision."))).

Given the ruling above, the Court need not reach this argument and states no opinion in that regard.

IV. **Conclusion**

For the reasons set forth herein, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.[4] The case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: November 22, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] As in *Estate of West*, this Court has "some concerns" about what appears to be the inexplicable withholding by the VA of awarded benefits that arguably *should* have been remitted *before* Parker died (and, thus, would have already been in his Estate). It does not seem proper that a veteran or a veteran's estate should have to fight so hard to get retroactive benefits that were awarded by the VA after its discovery of a "clear and unmistakable error" in the original decision not to award the benefits. This seems like a matter that begs to be worked out amicably. Unfortunately, the law says it is out of this Court's hands.